Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; and THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST<br><br>Plaintiffs,<br>vs.<br><br>THE MURRAY FAMILY CO. L.L.C. d.b.a. Redbox, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:24-cv-00232-MMD-EJY<br><br>[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION FOR CIVIL CONTEMPT AND SANCTIONS |

Before the Court is the Plaintiffs', the Boards of Trustees of the Construction Industry and Laborers Health and Welfare Trust, the Construction Industry and Laborers Joint Pension Trust, the Construction Industry and Laborers Vacation Trust, the Southern Nevada Laborers Local 872 Training Trust (collectively referred to as "Trust Funds") Motion for Civil Contempt and Sanctions against Dwayne Murray. The Court having reviewed the Plaintiffs' Motion, being fully advised,

1

and good cause appearing, the Court now makes the following findings of facts and conclusions of law.

## I. Findings of fact.

1. On October 9, 2024, the Trust Funds filed a Motion for Judgment Debtor Examination seeking to depose Dwayne Murray, the Murray Family Manager, regarding the amount, value, and location of the property and assets of the Murray Family.

2. On October 10, 2024, the Court granted the Trust Funds' Motion for Judgment Debtor Examination, ordering Mr. Murray to appear for a judgment debtor examination on November 18, 2024 at 10:00 a.m.

3. In addition, the Court ordered Mr. Murray to produce various documents.

4. The Trust Funds' personally served this Court's Order on Mr. Murray at 10746 Marathon Bell Lane, Las Vegas, NV 89129 on October 17, 2024 at 3:38 p.m.

5. Mr. Murray failed to appear for the judgment debtor examination.

6. Mr. Murray failed to provide any notice or explanation to the Trust Funds regarding his failure to appear and has not produced the documents as ordered by this Court.

7. On December 16, 2024, the Trust Funds filed a Motion for Order to Show Cause.

8. On December 31, 2024, the Court granted the Trust Funds' Motion for Order to Show Cause, directing Mr. Murray to show cause in writing why he should not be held in civil contempt.

9. Within its December 31, 2024 Order, the Court indicated that if Mr. Murray failed to respond, the Trust Funds' would be required to refile their request for civil contempt and sanctions.

10. Mr. Murray has not complied with this Court's Order.

11. Mr. Murray is liable to the Trust Funds for attorneys' fees and costs associated with his contumacy.

12. Mr. Murray is also liable to this Court in the amount of $100 per day for each day he remains in contempt.

2

## II. Conclusions of Law.

1. The Trust Funds are entitled to an award of attorneys' fees and costs incurred as a result of Mr. Murray's contumacy. "Sanctions for civil contempt may be imposed to…compensate the party pursuing the contempt action for injuries resulting from contemptuous behavior." *Fed. Trade Comm'n v. AMG Services, Inc.*, 212CV00536GMNVCF, 2018 WL 1096454, at *2 (D. Nev. Feb. 12, 2018) (*citing Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir. 1986)); *see also Harrington v. Tackett*, 2022 WL 1721016, at *1 (D. Nev. May 27, 2022) (explaining that courts "may award the aggrieved party the attorneys' fees and costs incurred in obtaining the finding of contempt as a compensatory contempt sanction").

2. The Trust Funds are entitled to an award of $8,563.50, which consists of the attorneys' fees and costs incurred due to Mr. Murray's contumacy. "Compensatory awards are limited to 'actual losses sustained as a result of the contumacy.'" *General Signal*, 787 F.2d at 1380 (*quoting Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)).

3. Once a party has established that it is entitled to an award of attorneys' fees, the district court must determine what fee is "reasonable." *Harrington*, 2022 WL 1721016, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A determination of whether a fee is reasonable is generally based upon the traditional lodestar calculation set forth in *Hensley. Id.*

4. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Trust Funds have demonstrated that the rates requested are consistent with those in the community. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (finding that the moving party must demonstrate that the rates being requested are consistent with those in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation).

5. Pursuant to Local Rule 54-14, the court must also assess the amount of fees in connection with:
> the results obtained and amount involved; the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to

3

acceptance of the case; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or circumstances; the experience, reputation and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Harrington*, 2022 WL 1721016, at *4.

6. Regarding the results obtained and the amount involved, the Trust Funds prevailed on their Motion for Judgment Debtor Examination and on their Motion for Order to Show Cause related thereto. This Court ordered Mr. Murray to show cause in writing why he should not be held in civil contempt.

7. As to the time and labor required, the Trust Funds' counsel provided itemized invoices outlining the time and labor involved for each task performed in relation to Mr. Murray's contumacy in this action. All of the fees incurred were directly related to Mr. Murray's refusal to attend the judgment debtor examination and subsequent failure to comply with this Court's Order. For example, after Mr. Murray failed to respond to the Motion for Order to Show Cause, the Trust Funds were forced to filed the Motion for Civil Contempt and Sanctions.

8. Regarding the novelty and difficulty of the questions involved, while this case was not particularly novel, the questions involved implicate ERISA, which is known to be "an enormously complex and detailed statute." *Bugielski v. AT&T Servs., Inc.*, 76 F.4th 894, 901 (9th Cir. 2023). Indeed, litigating this matter required "an in-depth understanding of complex federal statutes, collective bargaining agreements, and trust agreements, as well as the nuanced issues arising out of the intersection of these understandings." *Bd. of Trustees of Painters & Floorcoverers Joint Comm. v. Super Structures Inc.*, No. 2:18-cv-01364-GMN-EJY, 2021 WL 4443695, at *7 (D. Nev. Sept. 27, 2021). As such, "ERISA litigation is a fact intensive and detail-oriented inquiry, and thus, is time consuming." *Id*. While the instant Motion and circumstances surrounding Mr. Murray's contempt are not specific to ERISA, this matter required a unique knowledge of ERISA from the start and all of counsel's work was performed with special attention to the this niche area of law. This attention, coupled with the work related to civil contempt, was time consuming and complex.

9. Concerning the skill requisite to perform the legal service properly, ERISA matters

4

are particularly complex and require a higher level of skill to perform the legal services. As such, the requisite level of skill to perform the legal service here properly was high.

10. As to the preclusion of other employment by the attorney due to acceptance of the case, counsel for the Trust Funds was not precluded from other employment by the acceptance of this case.

11. Regarding the customary fee, counsel for the Trust Funds used discount rates in this case.

12. Regarding whether the fee is fixed or contingent, all fees were fixed and not contingent.

13. Regarding the time limitations imposed by the client or other circumstances, the time limitations were not unreasonable.

14. Concerning the experience, reputation, and ability of the attorneys, the Trust Funds' counsel are experienced ERISA litigation attorneys.

15. This case was not undesirable.

16. With respect to the nature and length of the professional relationship with the client, counsel's firm has represented Plaintiffs in varying capacities for decades.

17. Finally, regarding awards in similar cases, multiple courts in the District of Nevada have found that counsel's firm's ERISA-related litigation rates are reasonable. *See Board of Trustees of the Construction Industry and Laborers Health and Welfare, et al v. Bottom Line Construction*, Case No. 2:23-cv-00830 (D. Nev. Sep. 7, 2023), at ECF No. 8; *Board of Trustees of the Construction Industry and Laborers Health and Welfare, et al v. Streamline Integration*, Case No. 2:22-cv-00394 (D. Nev. Dec. 12, 2022), at ECF No. 24; *Construction Industry and Laborers Joint Pension Trust for Southern Nevada, et al. v. Recreation Development Company, LLC*, Case No. 2:22-cv-00052 (D. Nev. Feb 24, 2023), at ECF No. 23.

18. Mr. Murray is also responsible for a civil contempt sanction of $100 per day payable to the Court for each day that Murray remains in contempt. *See General Signal*, 787 F.2d at 1380. (In addition to an award of attorneys' fees and costs as a compensatory sanction, sanctions for civil

5

contempt may also be imposed to coerce obedience to a court order.)

**IT IS HEREBY ORDERED** that Dwayne Murray is in civil contempt and is liable to the Trust Funds in the amount of $8,563.50 as a form of compensatory sanction.

**IT IS HEREBY FURTHER ORDERED** that Dwayne Murray is liable to this Court in the amount of $100 per day that he remains in contempt as a coercive sanction.

**IT IS SO ORDERED**

DATED this 29th day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101